ALBERT L. FLANDERS *vs.* INHABITANTS OF NORWOOD.

Norfolk. Nov. 16, 1885. — Jan. 11, 1886. DEVENS & GARDNER, JJ., absent.

The selectmen of a town have no right forcibly to remove a temporary bridge built, in place of one destroyed by fire, by a railroad corporation over a highway in the town, and supported by timbers and trestle-work which obstruct the highway; and if, the corporation having been authorized to build a new bridge, the selectmen, after urging unsuccessfully the corporation to hasten the construction of the bridge, apply to the county commissioners and to the district attorney in regard to it, and file a complaint to the railroad commissioners, they have performed their whole duty; and, under the Pub. Sts. c. 52, § 18, the town is not liable for an injury caused to a traveller by the obstruction in the highway.

TORT for personal injuries occasioned to the plaintiff by an alleged defect in a highway in the defendant town. Trial in the Superior Court, before *Mason,* J., who directed a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. O. Burdett,* for the plaintiff.

*J. C. Lane,* for the defendant.

MORTON, C. J. The St. of 1877, c. 234, reënacted in the Pub. Sts. c. 52, § 18, made a material change in the rules of law as to the liability of towns for injuries caused by defects in highways. Before that statute, towns were liable if the defect which caused an injury had existed for twenty-four hours, without regard to the question whether the town was negligent in permitting, or not removing, the defect. As the law is now, a town is liable

only for an injury caused by a defect which might have been remedied, or for an injury which might have been prevented, by reasonable care and diligence on the part of the town.

In the case before us, the injury to the plaintiff was caused by a defect in a highway which the defendant was bound to keep in repair, at a point where the main line of the New York and New England Railroad Company crossed the highway by a bridge built over it. The bridge was destroyed by fire in July, 1882, and the railroad company built a temporary bridge, supported by timbers and trestle-work, which obstructed a part of the highway, leaving a narrow passageway in the centre for the public travel. The plaintiff's horse, being frightened by a stone which the railroad company had placed in the road, to be used in rebuilding the bridge, ran against these timbers, causing the injury for which this action is brought. The accident happened in June, 1883.

The undisputed evidence proved that one of the selectmen of the defendant town was present when the temporary bridge was put up, and tried to have the agents of the railroad make the passageway in the centre as wide as they could ; that the railroad company, a few days after the fire, petitioned the county commissioners for authority to build a bridge differing from the old one, which petition was passed upon in October, 1882, and the company was authorized to make some changes in the bridge; that, before the accident, the selectmen called on the officers of the railroad company a number of times, urging them to hasten the construction of the new bridge, and to remove the temporary bridge ; that they consulted counsel as to their right to remove the temporary bridge ; that they twice wrote to the county commissioners and also to the district attorney in regard to it, and finally filed a formal complaint to the railroad commissioners.

If the selectmen were required to do anything, these facts show that they used reasonable care and diligence to remedy the defect, unless we hold that it was their right and duty, acting independently of the railroad company and the county commissioners, to remove the temporary bridge. To hold thus would be to invite a conflict between the selectmen and the railroad company in all cases where, in constructing or repairing a railroad, it is necessary to obstruct a highway.

Railroads and highways are equally parts of the system which provides for the public travel. When they cross each other, and thus jointly use the same ground, it is necessary that reasonable rules should be adopted to reconcile this joint use.

It was the right and duty of the railroad to rebuild its bridge, and, if necessary to its operation, to erect a temporary bridge. Probably it would be impossible to do this without obstructing the highway to some extent. If the selectmen had the right to remove such obstruction, it might make it impossible in some cases to repair the railroad, and it would be a source of danger to the public.

The law gives to the county commissioners original jurisdiction of all questions touching obstructions to highways caused by the construction or operation of railroads. Pub. Sts. *c.* 112, § 135. Upon an application to them, they may require the railroad company to build its temporary bridge so as not to obstruct the highway, or, if it is impracticable to do this, so as to cause the least possible inconvenience to the travel on the highway. The selectmen of the defendant town did all that they were required to do when they applied to the county commissioners. They had no right forcibly to remove the temporary bridge. The question as to the liability of the railroad company for the injury to the plaintiff is not before us. We are of opinion that the Superior Court rightly ruled that, upon the evidence in the case, the town was not liable.

*Exceptions overruled.*