CATHERINE L. GREGOIRE *vs.* CITY OF LOWELL.

Middlesex.    March 24, 1925. — June 26, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Way,* Public: defect. *Public Officer. Municipal Corporations,* Officers and agents: fire department.

An action against a municipality for personal injuries resulting from a defect in a public way cannot be maintained where there is no evidence tending to show that the proper officers of the municipality knew of the defect, or in the exercise of proper care and diligence might have known of it, and remedied it.

A traveller on a highway cannot maintain an action of tort against a city for personal injuries resulting from his stumbling on a fire hose coiled in a circular manner on a street and, one hour before the plaintiff was injured, placed there by firemen in the performance of their duty for use in extinguishing a fire.

TORT for personal injuries alleged to have been received by the plaintiff at about 6:30 o'clock in the afternoon of

November 15, 1922, by reason of her stumbling on hose coiled in a circular manner on Bridge Street in Lowell, which was alleged to have been left there by reason of ".the negligence and fault of the defendant." Writ dated January 17, 1923.

In the Superior Court, the suit was tried before *Irwin*, J. Material evidence is described in the opinion. At the close of the evidence, a verdict was entered for the defendant by order of the trial judge. The plaintiff alleged exceptions.

*D. R. Hart*, for the plaintiff.

*P. J. Reynolds*, for the defendant.

SANDERSON, J. This is an action of tort for personal injuries sustained by the plaintiff, on Bridge Street in Lowell, alleged to have been caused by the negligence of the defendant in permitting a fire hose, coiled in a serpentine manner dangerous to pedestrians, to be and remain in the street. Just prior to midnight of the day before the accident, a fire had occurred in the neighborhood of Bridge Street which was thought to be extinguished early the next morning, but which broke out again and four separate alarms for it were responded to by the fire department of the city between eight o'clock in the morning and half past five in the afternoon of that day. At 5:30 a hose was laid from the hydrant, along the street for about sixty feet, then across the sidewalk into the building where the fire still smouldered.

At the time of the accident the plaintiff and many others were standing a few feet from the place of the fire waiting for a car. When it arrived, the plaintiff started across the sidewalk to take it, and at her first step from the curb she was injured by tripping in a bend or coil in the hose at that point. The sun had gone down, but the street was well lighted. The hose was two and one half inches in diameter, covered with webbing of substantially the same color as the paving. One witness testified that the hose was in the street as early as four o'clock; but the records of the fire department showed that the hose which was there at four had been taken away and the next one laid at 5:30; and it is stated in the plaintiff's exceptions that the accident happened one hour after the hose was last laid. There was no guard or officer or warning of danger at the point of the accident,

but about fifteen feet away, where the hose crossed the sidewalk, a police officer was on guard. At the close of the evidence the trial judge, upon motion, directed a verdict for the defendant.

A defect or want of repair is anything in the state or condition of the highway which renders it unsafe or inconvenient for ordinary travel. *Barber* v. *Roxbury,* 11 Allen, 318.

The only negligence suggested by the testimony is that a bend or coil dangerous to pedestrians was left in the hose over which the plaintiff tripped. Apart from any other question in the case, there is no evidence to show that this bend or coil was seen by anyone before the plaintiff tripped over it, or when or how it was caused. The record states that at 5:30 the hose was laid close to the curb. *Boutlier* v. *Malden,* 226 Mass. 479. *Stoddard* v. *Winchester,* 154 Mass. 149. There can be no recovery for injuries resulting from a defective condition of a street unless the municipality knew or in the exercise of proper care and diligence might have known of the defect and remedied it. G. L. c. 84, § 15. *Flanders* v. *Norwood,* 141 Mass. 17.

The hose was in the street for the lawful purpose of carrying water from the hydrant to the fire. The firemen were performing a public duty and the fire department could exercise its own discretion in deciding where to lay its hose and how to lay it, and no other officer or department of the city had a right to interfere with the firemen in the performance of their duty. The members of fire departments are public officers: they have duties, imposed by law for the benefit of all the citizens, over the performance of which the municipality has no control and from which it derives no benefit in its corporate capacity. The acts of such public officers are their own official acts and not the acts of the municipal corporation or its agents. *Fisher* v. *Boston,* 104 Mass. 87. *Pettingell* v. *Chelsea,* 161 Mass. 368. A municipality is not liable for the wrongful or negligent acts of its fire department or firemen. *Fisher* v. *Boston, supra. Hafford* v. *New Bedford,* 16 Gray, 297. *Bolster* v. *Lawrence,* 225 Mass. 387. *Dodge* v. *Granger,* 17 R. I. 664.

*Exceptions overruled.*