## KAVIS *v*. SCHIMMEL ET AL.

[No. 26,996. Filed March 11, 1938.]

*Gleason & Gleason,* for appellant.

*Miller, Mullen & Kreuger,* for appellees.

FANSLER, J.—The appellant brought this action against the appellees seeking damages for injuries received in a collision between a car driven by the appellant and a gasoline truck driven by the appellee Schimmel. There was judgment for the defendants.

The appellant assigns error upon the overruling of her motion for a new trial. The only cause presented is the giving of a certain instruction.

It appears that, prior to the commencement of the instant action, the appellant brought suit in the superior court of Cook County, Illinois, against the Pure Oil Company, Incorporated, and the Eclipse Oil & Refining Company, Incorporated. The Pure Oil Company, In-

corporated, appeared to the action and specifically denied the allegations of the bill and specifically denied ownership of or agency in the operation of the motor-truck. The cause was submitted to a jury, which returned a general verdict for the defendant, and a special verdict as follows: "Do you find from the evidence in this case and under the instructions of the court that the plaintiff, Mary Kavis, was guilty of any negligence which proximately contributed to the accident and injury at the time and place in question?" This was answered "Yes" by the jury. There was judgment for the defendant in that case.

There is little dispute about the facts. The appellant in her car and the appellee Schimmel in his truck were approaching each other upon a highway in the state of Michigan. The road was straight and level and there were no obstructions. The appellant drove for a considerable distance on the left side of the road, seeking unsuccessfully to pass a car in front of her. She testified that she was looking at the truck from the time it was a mile or a mile and a half ahead of her until the time of the collision; that she had tried to pass the car ahead of her two or three times before the collision; that, when she got over to the left side of the road (the last time presumably), she started to pay attention to the truck; that it was about 150 feet away, coming toward her. She saw that the truck was not slowing down and that there was going to be an accident. She pulled across the left driveway on to the left side of the road. The truck driver pulled to his right, and the cars collided at the side of the roadway. The appellant and another witness testified that the driver jumped out of the truck before the collision. He testified that he crawled out through the windshield after the collision; that his clothing caught fire; and that he rolled over in the grass to extinguish the fire.

In the case in Illinois, the plaintiff relied upon proof of the identical collision and the identical acts of the defendant Schimmel that were relied upon in the case at bar as constituting negligence. The relationship of the various corporations involved in the two actions is not disclosed, but in the Illinois case, the Pure Oil Company, Incorporated, was charged with responsibility for the operation of the truck; and the acts of Schimmel, who is a party to this action, were put in evidence. The defendant, Pure Oil Company, Incorporated, in that case asked for a peremptory instruction in its favor, which was denied, so there must have been some evidence that the Pure Oil Company, Incorporated, bore such a relationship to Schimmel and the truck he was driving as to make it liable to respond in damages if the truck was negligently operated.

The question of the appellant's contributory negligence was in issue in the Illinois case, and that question was submitted to the jury, and it was decided by the jury that the appellant was guilty of negligence which proximately contributed to the injury. The appellees, by proper answer, set up the Illinois judgment as a defense.

By the instruction complained of, the court told the jury that, if they found from the evidence that the facts involved in the accident, alleged in the appellant's complaint, and the acts of negligence alleged, and the injuries alleged to have been sustained, were identical with those alleged in the action in Cook County; and if they further found from the evidence that the parties in the cause of action in Cook County "are the same parties involved in this cause of action now on trial, or the parties in the Chicago case are in privity with the parties in the present action"; and if they found the special verdict above referred to was found by the jury in the Illinois case, their verdict should be for the de-

fendants. The appellant complains that, by this instruction, the court permitted the jury to determine the legal effect of the judgment in the Illinois case, but we think this objection is of no importance.

Appellant contends that, before there can be an estoppel by verdict, the parties to the actions must be identical, or it must be shown that there is privity existing between the parties.

The negligence relied upon consisted in acts of the driver of the truck, the appellee Schimmel. The evidence discloses that the truck belonged to him. The corporations named in the actions committed no torts, but it was sought to make them responsible because of a relationship of principal and agent or master and servant under the *respondeat superior* doctrine.

It is generally said that one may not have an estoppel by judgment or verdict unless he would be estopped had the judgment or verdict been the other way. But whether there is privity between a master and servant or principal and agent, and whether an agent or servant is bound by a judgment against his principal or master respecting his acts charged to be negligent, we need not inquire. There seems to be a well-settled exception to the rule of privity and mutuality in cases where several different persons may be responsible for the actions of one. These cases generally arise out of the relationship of master and servant or principal and agent. In *Emery* v. *Fowler* (1855), 39 Maine, 326, 329, the action was trespass *quare clausum* against a son who had acted under the direction of his father. In a prior action against the father for the same act, the father was acquitted, although he admitted that the son acted under his direction. It was held that the son was entitled to the benefit of the adjudication; that: "To permit a person to commence an action against the principal and to prove the acts alleged to be trespasses, to have been

committed by his servant acting by his order, and to fail upon the merits to recover, and subsequently to commence an action against that servant and to prove and rely upon the same acts as a trespass, is to allow him to have two trials for the same cause of action, to be proved by the same testimony. In such cases the technical rule, that a judgment can only be admitted between the parties to the record or their privies, expands so far as to admit it, when the same question has been decided and judgment rendered between parties responsible for the acts of others." It is true that, in most of the cases that have come to our attention, the first action was brought against the immediate actor in the wrongdoing, and a judgment in his favor was held to protect his principal or his master. But the principle involved is the same. In *Portland Gold Mining Co.* v. *Stratton's Independence, Ltd., et al.* (1907), 158 Fed. 63, 69, where many of the cases are collected, it was said by Justice Van Devanter: "To such a case the maxim, '*Interest reipublicae ut sit finis litium,*' may well be applied." In *Emma Silver Mining Co., Ltd.,* v. *Emma Silver Mining Co. of New York et al.* (1880), 7 Fed. 401, 408, it was said by Judge Choate: "As regards the plaintiff who has before sued the agent and been defeated, there is no reason why he should not be concluded upon that principle of public policy which gives every man one opportunity to prove his case, and limits every man to one such opportunity. He has had his day in court, and it is immaterial whether he has chosen to test his right as against the principal or the agent in the transaction, provided the issue to be tried was identical as against both."

Situations are quite common in which two or more corporations or individuals may be responsible for injury resulting from the negligent acts of the operator of a vehicle. See *United Transportation Co. et al.* v. *Jef-*

*fries et al.* (1937), 211 Ind. 226, 5 N. E. (2d) 524. All may be financially responsible. If the complaining party is not bound by the judgment in one suit he may, in cases where the evidence is conflicting and reasonable men may disagree, pursue each of the persons responsible in successive suits until he finds a jury that will agree with his contention, notwithstanding one or more juries may have found against him. Such a procedure is manifestly unjust.

It is suggested by the appellant that the verdict in the Illinois case was a general one, and that the jury might have reached its verdict upon the theory that the Pure Oil Company, Incorporated, was not responsible for the operation of the truck. But, as pointed out above, there must have been some evidence, for the court permitted the case to go to the jury. The plaintiff chose to bring that action against the Pure Oil Company, Incorporated, and in that action the appellant and the appellee Schimmel testified as witnesses, and the merits of the controversy concerning responsibility for the collision of appellant's automobile with the truck were tried, and the jury, by its special verdict, found that the appellant's negligence proximately contributed to her injury. Having chosen the tribunal and the party against whom she would try the question of whether her negligence or the negligence of the appellee Schimmel proximately caused the injury to her, she should not now be permitted to deny that the defendant in that action had any connection with the transaction. Regardless of what the jury in the Illinois case may have thought about the connection of the Pure Oil Company, Incorporated, with the truck and its operation, assuming that there was a substantial controversy upon that question, the court trying the case submitted the merits of the controversy to the jury, and the jury decided the merits. Under the authorities above referred to, therefore, the appellant had her day in a

court of her own choosing, against an adversary of her own choosing, upon the merits of her case. In this view of the case, the appellees were entitled to a peremptory instruction.

Judgment affirmed.