## MANUEL SILVA *vs.* LOUIS BROWN, JUNIOR.

Essex.    April 3, 1946. — May 1, 1946.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Res Judicata. Agency,* Agent's liability to third person.

An action for personal injuries by a member of the crew of a fishing vessel against its captain under the Jones act was barred on the ground of res judicata by a judgment for the defendant in a previous action by the plaintiff under that act for the same injuries against the owner of the vessel, in which the sole issue was negligence of servants of the owner, including the captain: the judgment must have been based on the ground that the captain was not negligent.

TORT. Writ in the Superior Court dated June 13, 1945.

The case was heard by *Buttrick,* J.

*A. L. Kaplan,* for the plaintiff.

*S. H. Babcock,* for the defendant.

RONAN, J. The plaintiff, a member of the crew of the fishing vessel "Catherine L. Brown," brought an action in the District Court of the United States for the District of Massachusetts against the United Fisheries Vessels Company to recover damages for injuries to his hand, which became caught in the door of a drag net that was being hauled into the vessel. The first count of the declaration was based on the Jones act, U. S. C. (1940 ed.) Title 46, § 688, and alleged that the defendant corporation owned, operated and controlled the vessel, that the plaintiff was an employee of the defendant corporation, and that his injuries were caused "by the fault of the defendant, its agents or servants." The second count was to recover for maintenance and cure during the period of disability caused by his injuries. The

parties having agreed upon the amount of damages, the judge directed a verdict for the plaintiff on this count. The jury found for the defendant on the first count. Judgments have been rendered in accordance with these verdicts. Thereafter, the plaintiff brought the present action under the Jones act to recover for the same injuries against Brown, who was the captain and a coöwner of the vessel at the time the plaintiff was injured. Brown set up various defences in his answer, including the affirmative defence of res judicata. This defence was heard by a judge of the Superior Court upon a stat ment of agreed facts, together with a transcript of the evidence taken at the trial in the District Court. He ordered judgment for the defendant. The plaintiff appealed from this order.

The defendant contends that this appeal is not properly here because it does not come within any of the three classes that comprise the only cases where an appeal may be taken from the Superior Court in an action at law. G. L. (Ter. Ed.) c. 231, § 96. *Styrnbrough* v. *Cambridge Savings Bank*, 299 Mass. 22, 23. *Watts* v. *Watts*, 312 Mass. 442, 449–450. If the case had been submitted upon the statement of agreed facts alone, an appeal would lie from a decision based on those facts. *Pequod Realty Corp.* v. *Jeffries*, 314 Mass. 713, 716. *King Features Syndicate, Inc.* v. *Cape Cod Broadcasting Co. Inc.* 317 Mass. 652, 653. But the judge also had before him a transcript of the evidence introduced at the trial in the District Court. It is not contended that it did not set forth accurately and completely the course of that trial. The credibility of the witnesses and the truth of their testimony appearing in the transcript were not in question. It was introduced in evidence as a convenient method for the ascertainment of the issues presented and settled at that trial. *Sandler* v. *Silk*, 292 Mass. 493, 500. *Siegel* v. *Knott*, 318 Mass. 257. The judge, it is true, could draw such inferences as he deemed reasonable from this transcript, but it is not conceivable that he could draw any inferences inconsistent with the agreed facts because the transcript did no more than to supplement, amplify and confirm the facts already contained in the statement of agreed facts.

Even if the introduction of the transcript as evidence for the limited purpose of showing what issues had been adjudicated precludes an appeal, *Cerwonka* v. *Saugus*, 316 Mass. 152; *Markus* v. *Boston Edison Co.* 317 Mass. 1, yet in view of the conclusion we reach upon the merits we prefer to rest the decision on the merits rather than on a point of procedure. *Arnold* v. *Jacobs, ante,* 130.

The correctness of the order for judgment depends upon the issues that were adjudicated at the earlier trial. The plaintiff at that trial proved that he was an employee of the defendant corporation, and the direction of a verdict for the plaintiff on the count for maintenance and cure was the equivalent of a ruling that such a relationship had been shown. *Jamison* v. *Encarnacion,* 281 U. S. 635. *De Zon* v. *American President Lines, Ltd.* 318 U. S. 660. *Aguilar* v. *Standard Oil Co. of New Jersey,* 318 U. S. 724. Proof of this relationship was also essential before the plaintiff could prevail on the count based on the Jones act, *Nolan* v. *General Seafoods Corp.* 112 Fed. (2d) 515, 517, *Cromwell* v. *Slaney,* 65 Fed. (2d) 940, 941, *The Norland,* 101 Fed. (2d) 967, 971; and in submitting this count to the jury, the judge without objection from either party instructed the jury that the plaintiff was an employee of the defendant corporation. He also instructed them that contributory negligence was not a defence but was only ground for the apportionment of damages. *Beadle* v. *Spencer,* 298 U. S. 124. *Socony-Vacuum Oil Co.* v. *Smith,* 305 U. S. 424. The jury were instructed that the plaintiff was entitled to recover if he proved that his injuries were caused by the negligence of the defendant corporation, its agents or servants. Indeed, the only issue dealing with liability that was presented at the trial was the negligence of the defendant and of its employees. Neither the captain nor anyone else aboard was excepted from the group of employees for whose negligence the defendant corporation was to be held responsible. It is to be noted that the plaintiff's contention at the trial was, and now is, that his injuries were caused by the negligence of the captain and the winchman. He did not contend that the captain was not an employee of the defendant corporation, but on the

contrary attempted to fasten liability on the corporation
because of the negligence of the captain as its servant or
employee. It is plain from the course of the trial that both
the captain and the winchman were treated as employees
of the defendant corporation. The verdict for the defendant
must therefore have been based not on the ground that the
captain was not an employee of the defendant corporation
but on the ground that he was not negligent.

The conduct of the captain, Brown, which in the present
action is alleged to be negligent is the same conduct as that
which in the previous action was found not to be negligent.
What the plaintiff is seeking is a second opportunity to prove
the negligence of the captain after he has had his day in
court and failed to prove such negligence. He is not entitled
to relitigate that issue in the present action against the
captain. The principle is well established that, where a
plaintiff seeks damages against a master for injuries alleged
to be due to the negligence of his servant and fails to prove
such negligence and then brings an action against the ser-
vant for the same injuries, the servant may assert the
defence of res judicata on the ground that it has already been
adjudicated in the earlier action that he was not negligent.
The present case is governed by *Giedrewicz* v. *Donovan,* 277
Mass. 563, and is supported by the reasoning in *McAlevey*
v. *Litch,* 234 Mass. 440, and *Tighe* v. *Skillings,* 297 Mass.
504. See also *Savage* v. *McCauley,* 302 Mass. 457; *Anderson*
v. *West Chicago Street Railroad,* 200 Ill. 329; *Kavis* v.
*Schimmel,* 213 Ind. 514;. *Good Health Dairy Products Corp.
of Rochester* v. *Emery,* 275 N. Y. 14; *Atkinson* v. *White,* 60
Maine, 396; *Jones* v. *Valisi,* 111 Vt. 481.

*Order for judgment affirmed.*