Zottoli, J.
This is an action of tort in which the plaintiff seeks to recover for damage to its fire truck allegedly caused *134 by the negligent operation of a motor vehicle of the defendant.
The answer, so far as is now material, is as follows: “The defendant.says that in the action of Joseph Gonia v. George Stewart, pending in the Municipal Court of the City of Boston, which action arose out of the same accident as the case at bar, the defendant George Stewart being a servant of the plaintiff in the case at bar and being a person for whose conduct the present plaintiff was responsible, a judgment was entered for Joseph Gonia, plaintiff, against George Stewart after a full hearing on the merits, that therefore, the present plaintiff cannot recover in this action. ’ ’
. There does not appear to be any disagreement as to the facts involved in this case. Under these circumstances the case assumes aspects of a case stated, Howland v. Stowe, 290 Mass. 142, 146. Redden v. Ramsey, 309 Mass. 225, 227, and we so,consider it, though no requests for rulings were filed with the trial judge.
The report sets out that “the following facts were disclosed: The property of the plaintiff allegedly damaged by the defendant was a fire engine of the City of Boston. It was operated at the time of the accident by one George P. Stewart, a fireman of the City of Boston on duty at the time, who was returning from attendance at a fire. The fire truck and the automobile operated by the defendant were in collision and the plaintiff’s fire truck was damaged.
“The record of a prior action, No. 222555 in the Municipal Court of the City of Boston, was introduced. In this action Joseph Gonia was plaintiff and George P. Stewart was defendant. The action was brought by Gonia for damage to his automobile arising out of the same accident, and, after trial, there was a finding for the plaintiff and judgment entered thereon on August 10, 1945.
*135 “It further appeared that George P. Stewart, defendant in the prior action, was the operator of the plaintiff’s fire truck, for damage to which the plaintiff seeks recovery in the instant case.”
Though the report does not set it out, it appears from the record of the action No. 222555, above referred to, of which we have taken judicial notice, as to which see Kolda v. National-Ben Franklin Fire Insurance Co., 290 Mass. 182, Curley v. Boston, 312 Mass. 58, 61, that “Jerome A. Poleari, Assistant Corporation Counsel,” filed his appearance for the defendant George P. Stewart, and that “Frank J. Murray, Corporation Counsel” filed the defendant’s answer in said case. It further appears from said record that “Interrogatories propounded by the defendant to be answered by the plaintiff under oath” were signed “City of Boston, by Frank J. Murray, Corporation Counsel,” and that when the case was marked “for the trial list” notice of the marking was sent by mail by the plaintiff’s attorney to said “Frank J. Murray, Esq., counsel for the defendant.” The record further shows that only said attorneys appeared for the defendant Stewart in said case. From the record of said case the plain inference is that Stewart was represented at the trial by the corporation counsel of the City of Boston or his assistants, as such, and that a full trial was had of said case, ending in a finding and judgment in favor of the plaintiff. Upon these facts the court in the case before us ruled “that the plaintiff could not recover in the present action and found for the defendant.” It is this alleged grievance that is reported to this division.
Both the plaintiff and the defendant in their briefs in substance state the issue raised by the report to be whether the “prior action was res judicata as to this action.” The plaintiff contends that the principles of res judicata do not apply and that “it may maintain this action under the prin *136 eiple enunciated in the leading ease of Nash v. Lang, 268 Mass. 407.”
It is to be noted that no requests for rulings were presented to the trial judge. It does not appear from the report that the court posited its ruling on any stated theory of the law applicable to the undisputed facts of the case. Under these circumstances the assumption by the plaintiff that the court ruled that the doctrine of res judicata applied is gratuitous. However, even if it had so ruled, it would be of no consequence if on the facts shown by the record it had come to the right conclusion on the whole case Rathgeber v. Kelley, 299 Mass. 444, 446. Hayes v. Lumbermens Mutual Casualty Co., 310 Mass. 81, 83. In brief the plaintiff’s contention appears to be that the doctrine of res judicata does not apply in this case because the former action was not between the same parties or privies, it appearing that the fireman in question at the time of the accident was a public officer, as to which see Hafford v. City of New Bedford, 16 Gray 297, 302. Fisher v. Boston, 104 Mass. 87, 94. Pettingell v. Chelsea, 161 Mass. 368, 369. Gregoire v. Lowell, 253 Mass. 119, 121. McGovern v. City of Boston, No. 321591 B. M. C. 40 A. D. 228, and not an agent or servant of the City of Boston.
Assuming, but not deciding, that the doctrine of res judicata, as that term is usually understood, as to which see Old Dominion Copper etc. Co. v. Bigelow, 203 Mass. 159, 216, 217. Tighe v. Skillings, 297 Mass. 504, 507. Pesce v. Brecher, 302 Mass. 211, 212. Hopkins v. Holcombe, 308 Mass. 54, 57. Litchfield v. Goodnow, 123 U. S. 549, 551, does not apply to the facts of this case, it does not follow that reversible error has been made, and that the plaintiff by its conduct relating to the Stewart case may not be estopped from proceeding with this action.
It is clear that if the operator of the plaintiff’s fire truck after the trial in question had brought an action against *137 the defendant, he would be estopped by the judgment in the former action. This would present the ordinary case where the doctrine of res judicata applies. Silva v. Brown, 319 Mass. 466.
It is also clear that had the City of Boston brought its action against the defendant and it had been tried together with the Stewart case, the City could not have prevailed. This would be so because the court in the Stewart case necessarily found that the plaintiff Gonia was not contributorilv negligent. Furthermore this would have been so even if we should assume, though we do not so decide, that the principle announced in the case of Nash v. Lang, 268 Mass. 407 applied. We feel that the court’s ruling is not posited on the theory of privity of legal identity of parties, but rather rests on sound public policy.
The record shows that the writ in the case of Gonia against Stewart was dated November 29, 1944; that the finding for the plaintiff was made July 31, 1945, and that judgment in said action was entered on August 10, 1945. The docket in the case of the City of Boston against Gonia shows that the writ in that case is dated October 3, 1946. The date of the accident was October 28,1944. It thus appears that the City of Boston had ample time in which to have brought its action had it desired its case be tried together with the case of Gonia v. Stewart, above referred to. Instead of doing that the City of Boston elected to send its corporation counsel and his assistant to appear and answer for Stewart and to conduct his defense in the trial of the action by said Gonia. A reasonable inference is that the city through its law department took charge of and conducted the defense and that the vital issues in the case were fully tried. The finding in favor of Gonia in that case ¡necessarily imports subsidiary findings that Gonia was in the exercise of due care and that the defendant *138 Stewart was negligent. Under these circumstances we feel that the city should be estopped from endeavoring to prove what, through its officials, it failed to prove in what appears to have been a fair trial, untainted by fraud. After a trial on the merits, in which the city officials took an active and intimate part, ending as reported, it would be unjust to permit the city to again try the same vital issues before another judge. Kiley v. Boston, 278265 (1932) B. M. C. 38 A. D. 309. Giedrewicz v. Donovan, 277 Mass. 563. Hannaford v. Charles River Trust Co., 241 Mass. 196. Under these circumstances the doctrine of estoppel applies and there is no error in the ruling under review: Report dismissed.