ELIZABETH DAIGNEAULT & others *vs.* TOWN OF AUBURN.

Worcester. April 9, 1970. — June 9, 1970.

Present: WILKINS, C.J., SPALDING, CUTTER, REARDON, & QUIRICO, JJ.

*Way*, Public: defect.

A "defect" in a public way within G. L. c. 84, § 15, would not be shown by the presence of a blocked and defective culvert under the way unless such culvert brought about a condition of the way itself rendering it unsafe or inconvenient for ordinary travel.

TORT. Writ in the Superior Court dated November 4, 1963.

The action was tried before *Rose, J.*

*William E. Bernstein* for the plaintiffs.

*Edward P. Healy,* Town Counsel, for the defendant.

SPALDING, J. In this action of tort brought under G. L. c. 84, § 15, three of the plaintiffs (Elizabeth Daigneault, Evelyn Christian, and Claire Cody) seek compensation for personal injuries; the plaintiff John Daigneault seeks to recover for property damage. Verdicts were returned for the defendant with respect to each plaintiff. The case comes

here on the plaintiffs' exceptions to a certain portion of the judge's charge and to his refusal to give certain instructions requested by the plaintiffs.

There was evidence of the following. On November 14, 1962, the plaintiffs (with the exception of John Daigneault), were driving northerly on Oxford Street in Auburn at approximately twenty-five to thirty miles an hour, when they suddenly "felt a bump." The car skidded into an embankment on the westerly side of the road, causing the injuries that are the subject of this action. Up to the locus of the accident the road was dry; at the locus it was covered with icy water four or five inches deep for some thirty-five or forty feet. The highway was constructed so that water drained to the westerly side of the road into a ditch that ran for several hundred feet to a point where a culvert, some three or four feet beneath the road, carried the water under the road into a field on the easterly side. The culvert was located approximately below the point in the road where the plaintiffs felt the bump. There was, however, conflicting testimony as to whether or not there was a depression or declivity where the water had collected on the road.

Other evidence showed that portions of the culvert, a twelve-inch galvanized iron pipe not coated by asphalt, had rotted away at the bottom, and that above the rotted portion there were leaves, twigs, and sand blocking the pipe.

The judge instructed the jury that in determining whether there was a defect or want of repair in the highway, "the condition of the culvert is not to be considered as such a defect or want of repair . . ., for I rule as a matter of law the culvert was not part of the highway. And, this suit is predicated on a defect or want of repair of the highway. However, *you are not precluded from considering what effect the blocked culvert had in causing water to flow onto the highway.* What I am trying to indicate to you is that there is no basis for recovery caused by a blocked or defective culvert *by itself.* If there is any liability on the part of the town, it is for what happened on the highway, that is, what the town did or failed to do on the road that it was bound by law to

do to make it safe for travel" (emphasis supplied). The judge further instructed the jury that if they found that the "icy, slippery and wet condition" of the road was "caused by a defect in the highway consisting of a depression or declivity which retained water or ice or permitted water to flow out of it" and that this depression or declivity was of such a nature as to render the highway unsafe for ordinary travel, a verdict against the town would be warranted. The plaintiffs excepted to this portion of the charge.

Prior to the charge the plaintiff requested instructions (1) that an actionable defect under G. L. c. 84, § 15, may be located beneath the surface of the street; (2) that if the jury found that the culvert was completely blocked this would be a defect under § 15; and (3) that the "failure to renew a culvert which the defendant knew or in the exercise of reasonable care should have known would decay or rot with the passage of time and which . . . became completely blocked would give rise to an action under [G. L. c. 84, § 15]." These requests were refused subject to the plaintiffs' exceptions.

The challenged portion of the charge and the refusal to give the requested instructions present the question whether defective conditions in a culvert under a roadway, apart from their effect on the roadway itself, constitute a "defect" under G. L. c. 84, § 15. That section makes a town liable for injuries sustained "by reason of a defect or a want of repair . . . in or upon a way . . . ." A "defect" or "want of repair" has been defined "[a]s anything in the state or condition of the highway which renders it unsafe or inconvenient for ordinary travel." *Gregoire* v. *Lowell*, 253 Mass. 119, 121. *Whalen* v. *Worcester Elec. Light Co.* 307 Mass. 169, 174. It is not restricted to conditions appearing on the surface of the way but may extend to obstructions overhanging the way and to structures and objects that may fall on or in the way. *Whalen* v. *Worcester Elec. Light Co.*, *supra*, p. 175. No case, however, has held that a condition existing under the way, but unrelated to the specific condition of the way, is a "defect" within the statute. The plain-

tiffs cite *Fleming* v. *Springfield*, 154 Mass. 520, *Bleistine* v. *Chelsea*, 204 Mass. 105, and *Connelly* v. *Boston*, 206 Mass. 4, in support of their contention that the condition of the culvert itself was a "defect." But those cases allowed recovery only because the conditions under the roadway produced defects in the roadway itself. Unless the conditions existing under the roadway can be related to the state of the way itself, they are not material to the existence of a defect in the way itself. The judge's instructions adequately informed the jury that the condition of the culvert must be related to a defect in the road. He did not charge that the condition of the culvert could have no bearing on the issue of liability. He merely told them in substance that its condition, without more, would not render the town liable. As stated, the jury were instructed that they could consider what effect the blocked culvert had in causing water to flow onto the highway. There was thus no error either in the challenged portion of the charge or in the refusal to give the instructions requested by the plaintiffs.

*Exceptions overruled.*