Donohue, J.
On March 19, 1993, the plaintiff, Paul Poulson, was injured when his car struck construction barriers on Route 122 in Worcester. Poulson brought this negligence action against the Commonwealth of Massachusetts, pursuant to G.L.c. 258, the Massachusetts Tort Claims Act. Poulson alleges that the Commonwealth negligently and carelessly erected barriers in the southbound lane without any warning to advise the motoring public of the approaching danger. Arguing that such barriers do not constitute a highway defect, Poulson does not seek recovery under G.L.c. 81, §18, the Highway Defect Statute, and does not allege that he complied with the notice requirements of that Statute.
The Commonwealth moves for summary judgment pursuant to Mass.R.Civ.P. 56, claiming that the plaintiff can only bring this action under the Highway *569 Defect Statute. The Commonwealth further argues that the plaintiff is barred from recovery under the Highway Defect Statute for noncompliance with its notice requirements.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact and where the moving party is entitled to a judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983).
The Highway Defect Statute permits recovery against the government for injury or damage caused by a defect in a state roadway, where the plaintiff gives notice of the claim within thirty days of the accident, pursuant to G.L.c. 84, §15, incorporated by c. 81, §18G. Gallant v. Worcester, 383 Mass. 707,710 (1981).
A highway defect is defined as
... anything in the state or condition of the highway which renders it unsafe or inconvenient for ordinary travel ... It is not restricted to conditions appearing on the surface of the way but may extend to obstructions overhanging the way and to structures and objects that may fall on or in the way.
Daigneault v. Auburn, 357 Mass. 612, 614 (1970), citing Whalen v. Worcester Elec. Light Co., 307 Mass. 169, 174-75 (1940).
Contrary to the plaintiffs assertions, the barriers fall squarely within the broad definition of “defect,” since they are structures which made the roadway unsafe or inconvenient for ordinary travel. As such, the plaintiffs claim must be brought under the Highway Defect Statute.
G.L.c. 81, §18 provides the exclusive remedy for recovery for injuries and damage sustained as a result of state highway defects. See Ram v. Charlton, 409 Mass. 481, 456 (1991); Gallantv. Worcester, 383 Mass, at 711. In enacting the Massachusetts Tort Claims Act, G.L.c. 258, the Legislature did not intend to broaden the government’s tort liability with respect to highway defects, but rather preserved the exclusivity of the Highway Defect Statute. See Gallant v. Worcester, 383 Mass, at 711.
In order to bring an action under the Highway Defect Statute, a plaintiff must give notice of the claim within thirty days of the accident, pursuant to G.L.c. 84, §15, incorporated by c. 81, §18. The plaintiffs claim against the Commonwealth is barred for failure to give proper notice under these provisions. Since there are no genuine issues of material fact, and the defendant is entitled to judgment as a matter of law, the Commonwealth’s motion for summary judgment is ALLOWED.
ORDER
For the foregoing reasons, it is hereby ORDERED that the motion for summary judgment of the defendant Commonwealth of Massachusetts be ALLOWED.