Fecteau, J.
This is an action for personal injuries brought by the plaintiff under the provisions of G.L.c. 258, for injuries alleged by the plaintiff to have occurred when a metal object fell from a state highway department truck that she was following while operating her vehicle on Rt. 20 in the Town of Charlton, a state highway. The defendant, a public employer as defined in said chapter, has moved for summary judgment seeking, in effect, a declaration that the action is not subject to c. 258, but rather is subject to the exclusive jurisdiction of c. 81, as it contends that the injuiy was due to a defect in the way.
The standard set by G.L.c. 81, §18 is that of its municipal counterpart, G.L.c. 84, §15, which states in relevant part that “(i]f a person sustains bodily injury ... by reason of a defect or a want of repair ... in or upon a way, and such injuiy or damage might have been prevented, or such defect or want of repair . . . might have been remedied by reasonable care and diligence on the part of the [governmental entity], he may, if such [governmental entity] had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair . . . recover damages therefor from such [governmental entity] ...” There have been several cases that have explored and discussed the respective horns of the dilemma faced by similarly-situated parties in connection with the relationship between chapters 81 and 84 on the one hand and chapter 258 on the other. A “defect in a way” has been broadly defined by those cases as “anything in the state or condition of the way which renders it unsafe or inconvenient for ordinary travel.” Whittaker v. Town of Brookline, 318 Mass. 19, 25 (1945), citing Gregoire v. City of Lowell, 253 Mass. 119, 121 (1925). This has been found to include not only the traditional forms of defect, such as potholes, trenches and the like but also conceptual problems with the road’s design, Ram v. Town of Charlton, 409 Mass. 481, (1991), cert. den’d, 112 S.Ct. 82, obstructions that may overhang or fall into the way, Daignault v. Town of Auburn, 357 Mass. 612, 614 (1970), citing Whalen v. Worcester Electric Light Co., 307 Mass. 169, 174 (1940), and the failure to erect a stop sign, Trioli v. Town of Sudbury, 15 Mass.App.Ct. 394 (1983), among others. A factor common to these cases is that the alleged defect, if it was not an object actually placed by the defendant on or about the way, was of sufficient duration such that upon notice or inspection, was capable of being recognized as a defect or want of repair, rather than the spontaneous event alleged by the facts herein that happened so quickly that the entity responsible for the maintenance of the road could not have reasonably learned of its occurrence. In Gregoire, supra, the alleged defect was a coiled fire hose that was left in the street after a fire, and that a pedestrian stepped into or onto, causing her to fall and be injured. There was evidence that the hose in question had been in the street for 1-2 hours at most. There the court, interpreting the applicability of G.L.c. 84, §15, stated: “[t]here can be no recovery for injuries resulting from a defective condition of a street unless the municipality knew or in the exercise of proper care and diligence might have known of the defect and remedied it,” at p. 121, citing Flanders v. Norwood, 141 Mass. 17 (1886).
According to the unchallenged facts set forth by the plaintiff, an object foreign to the roadway fell from a truck of the defendant operating directly in front of the plaintiff, allegedly causing her to be injured. That being the case, there was no time for the Commonwealth, through its state highway department, as the party responsible for the maintenance of the road, to have had a reasonable opportunity to receive notice of the “defect” and to remedy the situation prior to the events that occurred that involved the plaintiff, notwithstanding that the defendant may have been the party both responsible for the falling object and the *415 maintenance of the way. The liability imposed by G.L.c. 81, §18 upon the Commonwealth was not intended for an occurrence such as the instant case presents. Therefore, the Commonwealth remains exposed to liability under the provisions of G.L.c. 258, and its motion for summary judgment must be, and is denied.