Fecteau, Francis R., J.
On December 29, 2004, a cow belonging to the Stokes was able to find a breach in the fence that lines much of the Massachusetts Turnpike, in Charlton, Massachusetts. According to the motion record (including the report of a state police accident reconstruction that each party has appended as an exhibit), at approximately 9:45 p.m., the cow was seen by an operator of a tractor-trailer to enter the roadway and was the first to strike it. It was then struck by one other vehicle traveling behind the truck, resulting in the cow’s body lying in a west-bound lane. Moments later, the plaintiff came upon it suddenly while operating a tractor-trailer unit. In an effort to avoid it, the plaintiff lost control of his vehicle which then went across the median and collided with a tractor-trailer traveling in the opposite direction, as a result of which the operator was killed.[2] The plaintiff *579 herein received serious and permanent injuries, including the loss of vision in one eye.
The Turnpike Authority has filed a motion for summary judgment, contending that the cow lying in the roadway constitutes a defect in the way for which G.L.c. 81 A, §20 provides the exclusive remedy, incorporating by express reference the provisions of c. 81, § 18, which, in turn, incorporates expressly the provisions of c. 84, §§15, 18, 19. The result of the collective incorporation, according to the moving party, is that this statutory framework is the exclusive remedy for this cause of action, that there is a 30-day notice provision and a $4000.00 damage cap. Moreover, in order to recover under said statutes, the turnpike authority contends that its negligence must be the sole cause of the injuries; with other claims of negligence being made against parties other than the turnpike authority, including the owner of the cow for permitting it to run free, as well as comparative negligence of the plaintiff, the turnpike authority’s contention is that the plaintiffs claim is foreclosed by lack of statutory notice being given within 30 days, as well as the existence of other causes for this accident, defenses that have merit.[3]
The plaintiff contends, however, that since his theory of the defendant’s liability does not stem from a defect in the roadway, i.e. the dead or dying cow lying in the roadway, but rather from its actions and/or omissions off-road, in the negligent failure of the turnpike authority to inspect and/or maintain the fence, a breach in which then permitted the cow to enter the roadway, thus exposing operators such as this plaintiff to this spontaneous hazard. The plaintiff contends that he should not be limited to the “defect in the roadway” statute since the cause of his injuries can be logically traced to a defective and hazardous condition away from the traveled part of the roadway, especially given the more narrow language of the statute governing the turnpike authority, as opposed to the broader language in the statute that governs defects in or on municipal roads. The parties were heard in argument on June 13, 2007.
The governing statute regarding liability of the turnpike authority is G.L.c. 81A, §20, which states in relevant part: “[t]he authority shall... be liable to any person sustaining bodily injury or damage to his property by reason of a defect or want of repair therein or thereupon to the same extent as provided in section eighteen of chapter eighty-one . . .” G.L.c. 81, §18, states in part that the “Commonwealth shall be liable for injuries sustained by persons while traveling on state highways, if the same are caused by dejects within the limits of the constructed traveled roadway, in the manner and subject to the limitations, conditions and restrictions specified in sections fifteen, eighteen and nineteen of chapter eighty-four, except the Commonwealth shall not be liable for injury sustained because of the want of a railing in or upon any state highway ...” [Emphasis added.]
The issue that this motion appears to present, then, is whether the statutory scheme governing actions against the turnpike authority[4] excludes a claim by the plaintiff sounding in negligence that is arguably caused by a maintenance defect outside the constructed traveled portion of the roadway, namely a failure to maintain a fence that allowed an animal to wander onto the constructed portion of the roadway, which animal then being struck soon thereafter, the body of the animal is then caused to be on the traveled part of the way when the plaintiff makes actual contact with it.
There is a distinction that exists between the statutory provisions that govern municipal ways from those that pertain to state highways and, therefore, the turnpike: the liability of a municipality under c. 84, §15 is not as narrowly limited to the constructed traveled roadway. Under that statute, a municipality is liable “[i]f a person sustains bodily injury or damage in his property by reason of a defect or a want of repair or a want of a sufficient railing in or upon a way ...” [Emphasis added.) A “defect in a way” has been broadly defined by caselaw as anything in the state or condition of the way which renders it unsafe or inconvenient for ordinary travel." Whittaker v. Town of Brookline, 318 Mass. 19, 25 (1945), citing Gregoire v. City of Lowell, 253 Mass. 119, 121 (1925). This has been found to include not only the traditional forms of defect, such as potholes, trenches and the like but also conceptual problems with the road’s design, Ram v. Town of Charlton, 409 Mass. 481 (1991), cert. den., 502 U.S. 822, 112 S.Ct. 82, 116 L.Ed.2d 55, obstructions that may overhang or fall into the way, Daignault v. Town of Auburn, 357 Mass. 612, 614 (1970), citing Whalen v. Worcester Electric Light Co., 307 Mass. 169, 174 (1940), and the failure to erect a stop sign, Trioli v. Town of Sudbury, 15 Mass.App.Ct. 394 (1983), among others. In the case of Miles v. Commonwealth, 288 Mass. 243, 244 (1934), a decaying tree located nine feet past the highway was a road defect, as the land on which the tree stood “had been graded and surfaced for travel and which to some extent was used for travel.” Likewise, in Valvoline Oil Co. v. Inhabitants of Town of Winthrop, 235 Mass. 515, 520-21 (1920), a tree found to be growing within the limits of a public way with its tree limbs overhanging the public way is a road defect.
The question thus may be viewed as whether there is a genuine issue of fact as to the causation of the plaintiffs injury, i.e., was it caused by his actions resulting from trying to avoid and then coming into contact with the body of the cow which was then obviously located within the constructed traveled roadway, or whether consideration of the cause for the plaintiffs injuries may extend off-road to include the negligent maintenance of the fence, located 50 feet off *580 the constructed traveled roadway, that permitted the cow to enter the roadway. Whether the cause of action is one sounding in negligence, as the plaintiff contends, or the statutory “defect in a way,” as the turnpike authority contends, causal relationship appears to be an element that is common to both, however, as the statute does not use language that implies strict liability or the broader “arising out of’ language that has been recently commented upon in some first-party insurance coverage cases. In theory, there may be a distinction that can be drawn between the failure on the part of the defendant authority to discover a breach in the fence that allowed the cow to wander inside the turnpike and the immediacy of the plaintiffs sudden discovery of the dead animal within the roadway that set in motion his reaction thereto by which, in attempting to avoid striking it, he lost control of his vehicle and collided with various objects and vehicles thereafter. As a practical matter, however, there is a real, logical and direct link between the animal’s presence on the roadway and the alleged action or omission of the defendant that permitted it to be there, a distinction that appears too gossamer to make so as to conclude, as a matter of law, that the maintenance of the fence as a cause of the plaintiffs injuries is too remote or insufficiently genuine for a fact-finder to consider, especially when one considers the temporal and spatial proximity of the cow’s breach of the fence to the road and to the limited access nature of the road. As juries are instructed, proximate cause is “an active efficient cause that sets in motion a train of events or a single event which brings about a result without the intervention of any force started and working actively from a new and independent source. To be the proximate cause, it is not necessary that the acts of the defendant be the nearest in time or place to the result. What is required is that the defendant’s negligent conduct be the efficient cause or the cause that necessarily sets in operation all of the factors which ultimately caused the injury. It is a cause which in the natural and continuous sequence produced the injury and without which the injury would not have occurred. It may be assisted or accelerated by other incidental and ancillary matters, but, if it continues as an operative and potent factor, the chain of causation is not broken.” Causation is typically a factual issue for determination by a fact-finder. Whether the causation for the plaintiffs injuries extends to an opening in a fence line off the constructed traveled roadway is a genuine issue of material fact.
Given this record, the court cannot state, as a matter of law, that there is no genuine issue of fact that the cause of the injuries sustained by the defendant was a defect within the constructed traveled roadway. Therefore, summary judgment is foreclosed.
ORDER ON MOTION
For the foregoing reasons, the defendant’s motion for summary judgment is denied.

That death is the basis of another lawsuit, pending in this court under the name of Valdez, Administrator v. Stokes et al., docket no. 06-0423. A claim for property damage on behalf of one of the truck owners is R&L Carriers Inc. v. Stokes et al., docket no. 05-2147.

In light of the fact that the plaintiff did not provide notice to the authority of his claim for eleven months following this accident, and that the motion record does not support a claim by the plaintiff that physical or mental disability prevented him from providing such notice in a more timely fashion, if G.L.c. 81A, §20 is found to apply to his claim to the exclusion of all other theories of liability, the lack of statutory notice and the presence of causes other than the negligence of the authority would warrant the grant of summary judgment in favor of the authority.

It should also be noted that the statutory scheme governing claims that are brought for injuries due to defects on state and municipal roads and highways represented by G.L.c. 81, §18, and c. 84, §§15, 18 and 19, as remedies that operate to the exclusion of claims under G.L.c. 258, also operate to create remedies that would otherwise be barred under sovereign immunity, a factor that may not present with respect to the turnpike authority, given its independent status, sources of revenue and its express exclusion from the provisions of the Tort Claims Act, see G.L.c. 258, §1.