JENNIE E. HURLBURT *vs.* TOWN OF GREAT BARRINGTON.

Berkshire.    September 21, 1937. — June 28, 1938.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Great Barrington Fire District. Municipal Corporations*, Fire district, Highways. *Way*, Public: repair, defect. *Words*, "Person."

By St. 1886, c. 279, the Great Barrington Fire District has the duty to keep in repair a public sidewalk located within its limits and also within those of the town of Great Barrington; and the town has no duty under

G. L. (Ter. Ed.) c. 84, § 1, to repair such a sidewalk, nor liability under
§ 15 for injury resulting from a defect therein.

The word "person" in the phrase of G. L. (Ter. Ed.) c. 84, § 15, "or per-
son by law obliged to repair the same," includes a fire district.

TORT. Writ in the Superior Court dated August 1, 1936.

The action was heard as a case stated by *Broadhurst,* J.,
who ordered judgment for the defendant. The plaintiff
appealed.

*F. H. Wright,* for the plaintiff.

*F. J. Brothers,* Town Counsel, for the defendant, submitted
a brief.

DONAHUE, J. The plaintiff, while a traveller on Main
Street, a public way in the town of Great Barrington, was
injured by reason of a defect in the sidewalk. She has
brought this action to recover from the town damages for
her injuries. It was submitted to a judge of the Superior
Court on a case stated. The facts, to which the parties
therein agreed, established liability of the defendant to
the plaintiff if it was the duty of the town to keep in repair
the sidewalk in question. It was agreed that the question
to be determined was: "Is the Town of Great Barrington
under the duty of keeping said sidewalk in repair?"

The judge in the Superior Court, on the facts set out in
the case stated, ruled that it was not the duty of the town
to keep in repair the sidewalk on which the plaintiff was
injured. He found, and ordered judgment, for the defend-
ant. The plaintiff has appealed.

The following facts are recited in the case stated. There
is in the defendant town a district, known as the Great
Barrington Fire District, created by St. 1854, c. 350, which
includes in its limits the place where the plaintiff was
injured. Main Street in Great Barrington, in which was
situated the sidewalk which caused injury to the plaintiff,
was duly laid out as a public way under statutory authority
at a time before the creation of the Great Barrington Fire
District. St. 1886, c. 279, which was accepted by the legal
voters of the Great Barrington Fire District, gave to com-
missioners elected as provided in the act certain authority
and powers with relation to sidewalks in the district. "The

Great Barrington Fire District has functioned under the said Act since 1886, among other things constructing and repairing sidewalks within the limits of the fire district. Spec. St. 1915, c. 135, created a Prudential Committee within said district and made certain changes as to the government thereof."

The liability of a town to compensate a person injured by reason of a defect or want of repair in a highway is wholly statutory. *Rouse* v. *Somerville*, 130 Mass. 361. *Sawyer* v. *Northfield*, 7 Cush. 490, 494. Section 1 of G. L. (Ter. Ed.) c. 84, which prescribes the standard of duty with respect to the state of repair of highways, does not require a town to keep in the described state of repair every highway which may be situated within its boundaries. It is only "unless otherwise provided" that such duty is put upon the town. The provisions of other sections of the statutes which fix responsibility for departure from the duty stated in § 1, and give rights of action for injury, damage or death resulting from defects or want of repair of highways, are not limited in their application to municipalities. They all in terms apply to "the county, city, town or person by law obliged to repair" highways which are defective or out of repair. G. L. (Ter. Ed.) c. 84, §§ 15, 18; c. 229, § 1. These statutes, with § 1 of G. L. (Ter. Ed.) c. 84 dealing with the same subject, must be construed in reference to each other. *Gregory* v. *Adams*, 14 Gray, 242, 246. So construed the statutes manifest the intention that a town is not to be held liable if by law the obligation to repair a particular highway, at a point where a defect or want of repair causes injury, damage or death, rests upon someone other than the town. *Wilson* v. *Boston*, 117 Mass. 509, 512. *Cammett* v. *Haverhill*, 197 Mass. 76, 78, and cases cited. The word "person" in the phrase of the statute, "or person by law obliged to repair the same," includes a corporation. *Dickie* v. *Boston & Albany Railroad*, 131 Mass. 516. *Conary* v. *Boston & Maine Railroad*, 252 Mass. 397. *Mack* v. *Boston & Albany Railroad*, 164 Mass. 393. It also includes a *quasi* corporation performing municipal functions such as the Great Barrington Fire Dis-

trict.  See *Prout* v. *Pittsfield Fire District*, 154 Mass. 450; *President & Trustees of Williams College* v. *Williamstown*, 219 Mass. 46; *Costello* v. *North Easton Village District*, 205 Mass. 54; *Seaver* v. *Onset Fire District*, 282 Mass. 209.

The decisive question here is whether the Great Barrington Fire District was by law obliged to repair the defective sidewalk where the plaintiff received injury.  If the fire district was thus obligated by law there was no such obligation on the town.  If, however, the fire district was not so obligated, then under the statutes above referred to the obligation to repair the sidewalk rested on the defendant town and it is liable to the plaintiff.

The Great Barrington Fire District, originally created for fire protection of a portion of the town within its limits (St. 1854, c. 350; St. 1839, c. 138; St. 1844, c. 152) was, by St. 1868, c. 300, authorized to take or purchase land and water rights and to conduct and maintain a water system. Authority and powers with respect to sidewalks and sewers were given to the district by St. 1886, c. 279, which was accepted by the legal voters of the district.  The statute in its original form provided that the legal voters of the district "shall . . . elect . . . a board of three commissioners . . . of sidewalks, common sewers and main drains."  The "powers, rights, duties and liabilities" of that board were, by Spec. St. 1915, c. 135, conferred, with no change in powers or authority, on a prudential committee.

Section 4 of St. 1886, c. 279, provides: "It shall be the duty of said board, under the supervision and direction of said district, to construct, reconstruct, repair, maintain, and have charge of all main drains, common sewers, sidewalks and crosswalks in said fire district, and of all matters pertaining thereto as herein provided . . . ."  By § 5 it is provided: "Said board shall have authority to determine the grade, width and material . . . of all sidewalks on the public streets and highways of said district; and to construct, reconstruct and repair such sidewalks in accordance with such determination . . . ."  The same section states that "Upon the completion of any sidewalk by said board, or the completion of the reconstruction or repair of any side-

walk, said board shall . . . determine and certify the whole
expense of such making, reconstruction or repair . . . and
shall assess one-half of the amount of the same upon all the
lands especially benefited . . . ." Under § 6 of the statute
the board is given the power, "subject to the approval of
said fire district," to determine when, in what manner and
to what extent snow, ice and other obstructions shall be
removed from sidewalks and crosswalks, and to fix by-laws
and penalties regulating the same and prohibiting the deposit
of ashes or other refuse material on the streets and sidewalks
within the limits of the district. The statute in § 7 forbids
the excavation or obstruction, without the consent of the
board, of any part of a sidewalk constructed or repaired in
conformity with the provisions of the act.

The words of the statute with respect to the construction,
maintenance and repair of sidewalks within the limits of the
fire district are imperative. Section 4 states: "It shall be
the duty of said board, under the supervision and direction
of said district, to . . . repair, maintain, and have charge
of all . . . sidewalks and crosswalks in said fire district."
The intention is manifested to put obligations with respect
to sidewalks and crosswalks upon the district.

The language of § 4 of the statute comprehends all the
functions which a municipality generally has, and exercises,
with respect to sidewalks. The maintenance and the repair
of sidewalks are not matters which may well be entrusted to
two distinct municipal bodies. Districts such as the Great
Barrington Fire District are created by the Legislature in
order that in a limited portion of a town municipal facilities
and conveniences, needed and desired by those dwelling
therein, may be obtained without imposing expense and
responsibilities on all the inhabitants of the town. Such
statutes impose upon a district responsibilities which might
be put upon the town.

The statute in § 5 requires the board, on the completion
of the construction of a sidewalk and even on the comple-
tion of the repair of any sidewalk, to determine the expense
incurred and to assess one half the amount thereof upon
all lands thereby especially benefited, and by § 2 the dis-

trict is authorized to raise money for the purpose of carrying out the provisions of the act.

The completeness of control of sidewalks given by the Legislature to the district is illustrated by the provisions of §§ 6 and 7 of the statute. They give to the board, subject to the approval of the district, the power to establish by-laws regulating the removal of snow and ice and other obstructions from sidewalks and prohibiting the deposit of ashes and other refuse material thereon, and they prohibit the excavation and obstruction of sidewalks without the consent of the board.

The language of the statute placing on the district obligations with respect to sidewalks is not ambiguous. It manifests the intention of the Legislature to put entirely in the control of the fire district, a *quasi* corporation, all matters connected with the construction, the maintenance and the repair of sidewalks situated within the limits of the district. It would be inconsistent with the language of the statute to hold that obligations with respect to the maintenance and repair of sidewalks, put upon the town by other statutes, still exist as to sidewalks within the limits of the district, in view of the broad control of sidewalks which the Legislature by the statute in question has vested in the district. The statute imposed on the fire district the obligation to repair the defect in the sidewalk which caused the plaintiff's injury.

In a sentence in § 17 of the statute it is said: "Nothing herein contained shall be construed to interfere with the authority of surveyors of highways, or any authority which can be legally exercised over highways or roads in the proper discharge of their duties; but the town of Great Barrington shall repair any injury done to sidewalks in said district by the officers of said town by reason of any raising, lowering, or other act done for the purpose of repairing a highway or townway . . . ," with a similar statement as to crosswalks which by the statute are put in the same category as sidewalks. The statute puts no obligation on the district with respect to any portions of highways except such portions where sidewalks or crosswalks are located. Re-

sponsibility for the condition of portions of highways not especially constructed for the use of pedestrians is left in the town.    It is significant that § 17 of the statute does require the town of Great Barrington, in stated circumstances, to repair sidewalks and crosswalks within the district, that is, when damage is done to sidewalks or crosswalks by officers of the town while repairing a highway or raising or lowering the grade of a highway.    There would be no occasion for this provision of the statute if a general duty to repair sidewalks and crosswalks within the district remained in the town.

The statement in the same section, to the effect that nothing in the statute shall be construed to interfere with the authority which can legally be exercised by surveyors of highways in the district in the proper exercise of their duties, from its context would seem to have been inserted to make it plain that, in vesting in the district control of sidewalks and crosswalks which occupy part of the highways, no limitation was set on the performance of their duty by surveyors of highways with respect to other parts of the highways adjacent to sidewalks and crosswalks.

Certain duties are imposed by other statutes upon highway surveyors with respect to public ways and highways. G. L. (Ter. Ed.) c. 41, § 62; c. 84, § 7.    The manifest purpose of the statute here under consideration was to take from the town, and to put upon the district, full responsibility for those portions of the highways within the limits of the district where sidewalks and crosswalks are located. In view of such purpose we think that surveyors of highways now have, in the discharge of their duties, no authority which can properly be exercised over those portions of highways in the district where sidewalks and crosswalks for which the district is made responsible are situated. The duty of repairing sidewalks and crosswalks, in the event of their damage by public officers in raising or lowering the grade of highways or repairing the highways, is put directly on the town of Great Barrington and not upon the surveyors of highways.

The plaintiff directs attention to statutes giving au-

thority to fire districts in other towns with respect to sidewalks within their limits, in substantially the same language as the statute giving such authority to the Great Barrington Fire District. They were passed after the statute applying to the Great Barrington Fire District. Each of the later statutes contains provisions to the effect that it shall not affect the liability of the town for any damages caused within the limits of its highways, and that if a person injured by a defect in any sidewalk in a fire district recovers damages therefor in an action against the town, the town, if the district had reasonable notice to defend such action, may recover from the fire district in addition to the damages all costs of both plaintiff and defendant in the action against the town. See St. 1889, c. 455; St. 1912, c. 69. We cannot, as the plaintiff suggests, construe the statute applicable to the Great Barrington Fire District as it should be construed if it contained these provisions in the statutes later passed.

*Order for judgment for the defendant affirmed.*