REGINALD R. WOLF vs. BOSTON WATER AND SEWER
COMMISSION.

Suffolk. September 4, 1990. - November 6, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & GREANEY, JJ.

*Practice, Civil,* Complaint. *Boston Water and Sewer Commission. Negligence,* Municipality. *Municipal Corporations,* Liability for tort. *Way,* Public: defect. *Notice,* Timeliness. *Words,* "Defect."

A claim of common law negligence could not be maintained against the Boston Water and Sewer Commission for placing on a roadway, in the course of maintaining its water system, a defective patch which collapsed beneath the plaintiff, causing him personal injuries; G. L. c. 84, § 15, provided the plaintiff's exclusive remedy. [492-494]

CIVIL ACTION commenced in the Superior Court Department on July 8, 1983.

The case was heard by *John C. Cratsley, J.,* and was reported by him to the Appeals Court. The Supreme Judicial Court transferred the case on its own initiative.

*Russell R. Weddell* for the plaintiff.

*Thomas E. Finnerty,* for the defendant, submitted a brief.

LIACOS, C.J. The plaintiff, Reginald R. Wolf, brought this action against the Boston Water and Sewer Commission (commission) for personal injuries sustained when temporary road patchwork on Congress Street in Boston, installed by the commission, collapsed beneath him. The commission filed a motion to dismiss based on the plaintiff's failure to give it notice within thirty days of the injury as required by G. L. c. 84, § 18.[1] A judge in the Superior Court granted the mo-

---

[1]General Laws c. 84, § 18 (1988 ed.), requires that "[a] person . . . injured [by a defect in a public way] shall, within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way in

tion and reported the case to the Appeals Court. We transferred the report here on our own motion.

For purposes of discussion, we accept the allegations in the plaintiff's third amended complaint as true. See *Nader* v. *Citron*, 372 Mass. 96, 98 (1977). The plaintiff alleges that on July 8, 1981, he was walking along Congress Street in Boston when an asphalt patch on the roadway collapsed beneath him, causing the plaintiff to fall forward onto his left elbow, fracturing it. Prior to the accident, the commission had undertaken construction work at the site of the plaintiff's accident, which work included putting the defective asphalt patch on the roadway. The plaintiff notified the city of Boston of his injuries on July 20, 1981, pursuant to G. L. c. 84, § 18, and filed suit on July 8, 1983. The plaintiff added the commission as a defendant on July 5, 1988, after the plaintiff discovered that the commission, pursuant to a permit issued by the public works department of the city, had placed the patch on the roadway.

The plaintiff has framed his claim against the commission in terms of common law negligence for improperly refilling the opening in the roadway and asserts that such a claim falls outside the notice requirements of G. L. c. 84, § 18. The commission, the plaintiff contends, was not obliged to keep the roadway in repair and therefore is not a party to which G. L. c. 84, §§ 15 and 18, applies.[2]

The motion judge granted the commission's motion to dismiss and reported two issues for consideration: whether a

---

repair, notice of the name and place of residence of the person injured, and the time, place and cause of said injury or damage . . . ."

[2]General Laws c. 84, § 15 (1988 ed.), states:

"If a person sustains bodily injury . . . by reason of a defect or want of repair . . . upon a way, and such injury . . . might have been prevented, or such defect or want of repair . . . might have been remedied by reasonable care and diligence on the part of the county, city, town *or person by law obliged to repair the same*, he may, if such county, city, town or person had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair . . . recover damages therefor from such county, city, town or person . . . ." (emphasis supplied).

claim based on common law negligence may be maintained against the commission for placing a defective patch on a roadway in the course of maintaining its water system; and, if such an action may be maintained, whether the $5,000 cap on liability found in G. L. c. 84, § 15, applies.[3] We answer the first issue in the negative, and therefore we do not reach the second issue.

The law is well established in this Commonwealth that the "exclusive remedy for a claim of personal injury or property damage against governmental entities responsible for defects in a way is G. L. c. 84, § 15." *Huff* v. *Holyoke*, 386 Mass. 582, 585 (1982). *Gallant* v. *Worcester*, 383 Mass. 707, 711 (1981) (exclusivity of G. L. c. 84, §§ 15-25, expressly preserved by Massachusetts Tort Claims Act, G. L. c. 258). *Whalen* v. *Worcester Elec. Light Co.*, 307 Mass. 169, 175 (1940). *Farrell* v. *Boston Water & Sewer Comm'n*, 24 Mass. App. Ct. 583, 587 (1987). The remedy is available only on showing of a defect in or on a public way. See *Whalen* v. *Worcester Elec. Light Co.*, *supra*. A "defect" is defined as any condition making a way "unsafe or inconvenient for ordinary travel." *Gallant* v. *Worcester*, *supra*. The statute further applies when recovery is sought against a county, city, town, or person obliged by law to keep the way in repair. A "person" for the purposes of G. L. c. 84, § 15, includes a quasi corporation undertaking municipal functions. *Hurlburt* v. *Great Barrington*, 300 Mass. 524, 526-527 (1938), and cases cited. The key element in determining the applicability of G. L. c. 84, § 15, to the facts of this case is whether the duty to repair the defect in the roadway rested with the commission.[4]

---

[3]General Laws c. 84, § 15, limits recovery from a county, city or town to not more than "one fifth of one per cent of its state valuation last preceding the commencement of the action nor more than five thousand dollars."

[4]This court previously has distinguished between the responsibility for sewer system maintenance and roadway maintenance, allowing common law negligence recovery against sewer or water departments for negligence in the ongoing maintenance of systems where travelers had been injured when falling into open excavations. See *D'Urso* v. *Methuen*, 338 Mass. 73 (1958); *Green* v. *West Springfield*, 323 Mass. 335 (1948); *Sloper* v.

The enabling act for the Boston Water and Sewer Commission, St. 1977, c. 436, transferred to the commission "all debts, liabilities and obligations of the city pertaining to or on account of the water works system and the sewerage works system." St. 1977, c. 436, § 5. The enabling act includes these words in the definition of water and sewerage works systems: "without limiting the generality of the foregoing, all . . . lands, easements, rights in land . . . and any other property, real or personal, incidental to and included in such . . . system[s]." St. 1977, c. 436, § 2. The scope of the definition is limited such that "[n]o building or land used only partially for maintenance of the . . . system[s] shall be included in the definition thereof unless transferred to the commission by the city." *Id.* A public way is not included expressly in the definition.

The enabling act grants to the commission rights and powers "without limiting the generality of the foregoing, . . . (*g*) to enter onto any land within the city to make surveys, borings, soundings and examinations thereon, . . . and shall [as] far as possible restore such lands to the same condition as prior to the making of such surveys, borings, soundings and examinations." St. 1977, c. 436, § 6. Liberally construed, we consider "examinations" to encompass excavations made as part of, and in the course of, maintenance and repair of such systems.[5] See *Farrell* v. *Boston Water & Sewer Comm'n, supra* at 588-589. The commission was, therefore, obliged by law to repair the roadway.[6]

---

*Quincy,* 301 Mass. 20 (1938). These cases, however, premised liability on the distinction between governmental and nongovernmental or proprietary functions, a distinction abrogated by the Massachusetts Tort Claims Act, G. L. c. 258.

[5]Statute 1977, c. 436, § 22 (the act "shall be liberally construed to effect the purposes hereof").

[6]While we do not rely on it, we note that the permit issued by the city department of public works conforms to this interpretation of the statute in that the commission accepted the permit "on the condition" that it would "immediately upon completion of work for which the opening was made, backfill the opening, consolidate the backfill and lay a temporary bituminous cold patching material . . . over the area" and "thereafter maintain

The plaintiff's claim against the commission is cognizable under G. L. c. 84, § 15, exclusively. The plaintiff's failure to notify the commission within thirty days of the incident, as required by G. L. c. 84, § 18, a prerequisite to a party bringing this cause of action, prevents the claim from being heard. Accordingly, we answer the first reported question in the negative. We do not respond to the second question. The matter is remanded to the Superior Court for entry of final judgment for the commission.

*So ordered.*

---

such area in safe condition." Further, the permit obligated the commission at the discretion of the department of public works "to correct defects occurring within two years after completion of the permanent surface restoration." On the record before us we venture no opinion as to the liability of the city within or after the two-year period. But see *Hurlburt* v. *Great Barrington*, 300 Mass. 524, 526 (1938) (town not liable if duty to repair rests on another).