Spurlock, J.
Plaintiffs, Pressoy Beauge and Danielle Beauge (Mr. and Ms. Beauge), bring this action *427 alleging that a defect in a public way caused Mr. Beauge to fall and suffer injuries (Count I) and as a result, Ms. Beauge claims loss of consortium (Count II). Defendant, City of Medford, contends that the claims are barred because the Beauges failed to comply with the thirty-day notice requirement of G.L.c. 84, §18. The City of Medford further asserts that there can be no recovery for loss of consortium for injuries that occurred because of a defect in a public way. City of Medford now moves for summary judgment pursuant to Mass. R. Civ.P. 56. Summary judgment is denied on Count I and granted on Count II.
BACKGROUND
For purposes of this motion, the undisputed facts are as follows:
On July 12, 1991, Mr. Beauge suffered physical injury as a result of a physical defect in West Street in the City of Medford. Notice was given to the City in a timely manner. Ms. Beauge alleges loss of consortium as a result of her husband’s fall.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 297, 209 (1989).
General Laws c. 84, §15 is the exclusive remedy for a claim of personal injury against a governmental entity responsible for defects in a public way. Wolf v. Boston Water & Sewer Commission, 408 Mass. 490, 492 (1990). The statute does not provide for loss of consortium claims. G.L.c. 84, §15. Claims for loss of consortium based on theories of negligence are not actionable for injury resulting from defects in a public way. Trioli v. Sudbury, 15 Mass.App.Ct. 394, 398 (1983). Accordingly, City of Medford is entitled to summary judgment on Ms. Beauge’s loss of consortium claim.
ORDER
For the foregoing reasons, it is therefore ORDERED that the defendant’s motion for summary judgment is DENIED as to Count I and GRANTED as to Count II.