Johnson, J.
This is a tort action brought pursuant to G.L.c. 84, §15 against the defendants Boston Public Works Commission and Boston Water and Sewer Commission[2] to recover for personal injuries caused by an alleged defect in a public way.
The plaintiff, Edward DiBattista, alleges he sustained personal injury when he tripped over a valve cover located at the intersection of Otis and Summer Streets in Boston on December 24, 1992. Plaintiff sent notice of his injury within 30 days of the accident to the defendant Boston Public Works Commission. The complaint was filed in the Boston Municipal Court on July 7, 1993.
The defendant Boston Public Works Commission responded to the complaint by filing a motion to dismiss on the grounds that it was not an entity subject to suit under G.L.c. 84, §18. The motion was granted. Plaintiff seeks review of the dismissal arguing that the defendant Boston Public Works Commission is a "... person by law obliged to repair [a public way]” as expressed in G.L.c. 84, §18. Finding that the defendant is not a “person” within the meaning of Chapter 84, §18, we conclude that the plaintiff did not comply with the service of notice provision as specified in G.L.c. 84, §19. We affirm the decision of the trial judge.
Discussion
For the purpose of reviewing the defendant’s motion to dismiss, we accept as true the allegations in the plaintiff’s complaint. Nader v. Citrone, 372 Mass. 96, 98 (1977).
It is clear from the report and the briefs submitted by both parties that the sole issue presented by this appeal is whether the defendant Boston Public Works Commission is a proper entity for presentment of notice of injury, and, ultimately, suit under G.L.c. 84.
“The right of action against a city to recover damages for personal injury to a traveller on account of a defect in a public way is created and limited by statute.” Whalen v. Worcester Electric Light Co., 307 Mass. 169, 174 (1940).
The plaintiff argues that the defendant Boston Public Works Commission is a "... person by law obligated to keep [a] way in repair” and is therefore a proper entity for presentment of notice of injury under Chapter 84, §18.
G.L.c. 84, §18 provides:
A person ... injured [as a result of a defect in a public way] shall, within *52 thirty days thereafter, give to the county, city, town or person by law obliged to keep said wav in repair, notice of the name and place of the residence of the person injured, and the time, place and cause of said injury ... (emphasis supplied.)
In support of its position that the Boston Public Works Commission is a “person by law obliged to keep [a] way in repair,” the plaintiff cites the City of Boston Code, Ordinances to argue that the defendant has a legal obligation to:
construct all streets and sewers; shall have discretionary power as to the grades, materials and other particulars of construction of streets, sidewalks and sewers; shall have charge of and keep clean and in good condition and repair the streets, all sewer systems under the control of the City and the catchbasins in the streets connected with the sewers. City of Boston Code, Ordinances, Chapter XI, Sec. 6.1.
While this ordinance describes the general responsibilities of the Public Works Commission, it is not an enabling act, and it does not establish the Commission as an entity legally distinct from the City of Boston. The ordinance itself is promulgated by the City of Boston, and, by its terms, the Commission’s responsibilities are defined in reference to those streets and sewers “under the control of the city.”
The plaintiff also cites Wolf v. Boston Water & Sewer Commission, 408 Mass. 490 (1990), for the apparent proposition that a “person” may include a “quasi-corporation undertaking municipal ¿motions,” Wolf at 492, citing Hurlburt v. Town of Great Barrington, 300 Mass. 524, 526 (1938). Plaintiff did not provide an analogy between Wolf and the facts in the present case, and, after review, we see no parallel.
In Wolf, the court found that the Boston Water & Sewer Commission was such a “quasi-corporation” for the purposes of Chapter 84 because the legislature had conferred upon it complete control of the city water works system. No such legislative authority or its equivalent is cited or appears to exist here. Unlike the Boston Sewer and Water Commission, the Boston Public Works Commission is merely a secondary line department with limited functions and responsibilities within the organizational structure of the City of Boston, and, as such, has none of the independent authority that might shift the responsibility to repair a defective sidewalk from the City of Boston to itself.
There is no other fact presented here that relieve the plaintiff from the consequences of his failure to provide notice to the proper party as required by G.L.c. 84, §§18, 19. The plaintiffs notice to the defendant Boston Public Works Commission is of no legal consequence. ‘The notice must be given [in the case of a city] to the mayor, city clerk, or treasurer of a city, and cannot be given to any other person.” King v. City of Boston, 300 Mass. 377, 380 (1938).
We find no error in the trial judge’s allowance of the motion to dismiss. Accordingly, the report is dismissed.

The defendant Boston Sewer and Water Commission did not participate in this report to the Appellate Division. The reference to the same entity later in this opinion in a different context is coincidental.