# RESCRIPT OPINIONS.

TOM FILEPP *vs.* BOSTON GAS COMPANY, INC. No. 13-P-115. February 27, 2014. *Notice*, Action alleging injury caused by defect in public way, Timeliness. *Way*, Public: defect. *Negligence*, Municipality. *Municipal Corporations*, Liability for tort. *Gas Company. Public Utilities.*

The plaintiff suffered injuries after falling from his bicycle while riding on Harvard Street in Brookline on May 31, 2005. The plaintiff's amended complaint alleges that his fall was caused by a two-inch wide "rut" in the pavement, created by Boston Gas Company, Inc. (Boston Gas), incident to work it performed on gas lines running under the street. Boston Gas moved for summary judgment based on the plaintiff's failure to send notice of his claim to Boston Gas within thirty days of his injury.[1] See G. L. c. 84, §§ 15, 18.[2] A judge of the Superior Court allowed Boston Gas's motion, and entered a judgment of dismissal. This appeal followed.

The case is controlled in material respects by *Wolf* v. *Boston Water & Sewer Commn.*, 408 Mass. 490 (1990), and *Ram* v. *Charlton*, 409 Mass. 481, cert. denied, 502 U.S. 822 (1991). As the court observed in *Ram*, the statutory entitlement to notice as a precondition to any action seeking recovery of damages extends to both private and governmental entities. See *id.* at 490. See *Hurlburt* v. *Great Barrington*, 300 Mass. 524, 526 (1938) (fire district). And *Wolf* illustrates that, contrary to the plaintiff's argument, the repair obligation held by a "person by law obliged to repair" a way need not be either continuous in time or coextensive with the entirety of the way; it is enough that the obligation extends (as it does in the present case) to repairs necessary to restore a way to its condition before it was disturbed by the work giving rise to the alleged defect.[3] See *Wolf, supra* at 493.

---

[1]The plaintiff sent notice of his injury to the town of Brookline (town) on June 22, 2005. On September 8, 2005, the town by letter denied liability and advised the plaintiff that Keyspan Energy (the parent corporation of Boston Gas Company, Inc. [Boston Gas]) had created trenches in the street in the vicinity of the plaintiff's fall and might be the party responsible. The plaintiff sent notice to Keyspan Energy on September 28, 2005, significantly more than thirty days after the date of his injury.

[2]General Laws c. 84, § 15, allows a person injured by reason of a defect in or upon a way to recover damages. Section 18 of the same chapter, as appearing in St. 1965, c. 378, § 1, requires any person seeking to recover damages to send notice within thirty days after the injury to "the county, city, town or person by law obliged to keep said way in repair."

[3]Under G. L. c. 164, § 70, Boston Gas is authorized (after obtaining consent from the municipality) to "dig up and open the ground in any of the streets, lanes and highways of a town, so far as necessary to accomplish [its objects]," provided that it thereafter

The plaintiff's reliance on *Jones* v. *Boston*, 188 Mass. 53 (1905); *Seltzer* v. *Amesbury & S. Gas Co.*, 188 Mass. 242 (1905); and *D'Urso* v. *Methuen*, 338 Mass. 73 (1958), is misplaced. *Jones* v. *Boston* is distinguishable on its facts, as the contractor in that case was obliged by contract, rather than by law, to repair the way at issue. See 188 Mass. at 58. *D'Urso* v. *Methuen* "premised liability on the distinction between governmental and nongovernmental or proprietary functions, a distinction abrogated by the Massachusetts Tort Claims Act, G. L. c. 258." *Wolf, supra* at 492 n.4. *Seltzer* v. *Amesbury S. Gas Co.* involved facts similar to those in the present case, but its holding rested on the point that the obligation of the defendant in that case to repair the street was limited to restoration of the street to its condition before the work it performed. See 188 Mass. at 244. However, as *Wolf* illustrates, the more recent view of the statute eschews such a narrow interpretation; in our view, the reasoning in *Seltzer* does not survive *Wolf*.

Under the statutory scheme, the burden is placed on the party injured by reason of a defect in the way to ascertain promptly whether the defect may have been caused by a party (other than the municipality) who is "by law obliged to keep said way in repair." Though the time for such a determination is only thirty days, if there are practical reasons why the time should be made longer the appropriate body to consider and weigh them is the Legislature.[4]

*Judgment affirmed.*

*Traver Clinton Smith, Jr.*, for the plaintiff.
*David Viens* for the defendant.

---

"shall put all such streets, lanes and highways in as good repair as they were in when opened . . . ."

[4]We need not address the plaintiff's argument that summary judgment was inappropriate because the defendant's summary judgment motion included no proof that it had obtained the statutorily required consent; it is waived, because he did not raise it until after the motion had been allowed. In any event, the defendant's brief on appeal includes a representation that it obtained three street opening permits from the town for the work it performed on Harvard Street.