Curran, Dennis J., J.
INTRODUCTION
Michael Mazzini alleges that on August 18, 2012, he sustained personal injuries while riding his bicycle across a defective piece of what appear to be train tracks[1] on Bay Road in the town of Hamilton. His counsel sent a letter of presentment under October 1, 2012, to the defendant MBTA. The case is before me on the defendant MBTA’s motion to dismiss because it alleges that the defective tracks which caused Mr. Mazzini’s accident were part of the roadway, and that G.L.c. 84, section 15 requires notice to the entity in charge of repairing the roadway within thirty days of the incident. Mr. Mazzini vigorously challenges this allegation, maintaining the position that the tracks at issue were not part of the roadway, but instead that the responsible governmental agency had an obligation to maintain the tracks in a non-negligent fashion.
DISCUSSION
Mr. Mazzini’s complaint claims that the MBTA had an obligation to ensure that the tracks were reasonably flush with the roadway so as not to create an unreasonable danger, to repair defects in the tracks, to ensure the safety of its tracks and maintain its tracks in a safe condition, all certainly reasonable and laudable governmental obligations and goals. Mr. Mazzini resents the defendant MBTA’s characterization of the accident in his attempt to prove his case that this accident occurred in a public way, when it selectively repeated portions of Mr. Mazzini’s complaint that the accident occurred .. in a public way, owned, operated, or controlled by the MBTA.” See complaint, paragraphs 4 and 6. This, Mr. Mazzini claims, is hardly an admission that G.L.c. 84, section 18 applies, but rather, simply a notice pleading effort to tell the defendant MBTA where the accident occurred.
Let us start with the statute that the defendant MBTA has invoked in its motion. G.L.c. 84, section 18 states that when “. . . a person sustains bodily injury by reason of a defect or want of repair ... in or upon a [public] way . . . and such injury . . . may have been prevented ... by reasonable care and diligence on the part of the ... person by law obliged to repair the same ... he may . . . recover damages therefore from such . . . person.” G.L.c. 84, section 18 requires that “[a] person so injured shall, within thirty days thereafter, give to the . . . person by law obliged to keep said way in repair, notice of the name and place of residence injured, and the time, place and cause of said injury ...” (Emphasis added.)
There is no question that notice was not timely provided to the defendant MBTA. The question remains, however, as to whether the defect at issue is governed by the statute upon which the MBTA relies; if it is, the plaintiff loses.
G.L.c. 84 is the “sole remedy” for injuries caused by a defect or want of repair upon a public way. Ram v. Town of Charlton, 409 Mass. 481, 485 (1991). And . . anything concerning the state or condition of a public way or inconvenient for ordinary travel” constitutes a “defect” or “want of repair.” (Emphasis added.) Wolf v. Boston & Sewer Commission, 408 Mass. 490, 492 (1990) citing Gallant v. City of Worcester, 383 Mass. 707, 711 (1981). The MBTA tracks here are part and parcel of the public way; they are built into the roadway; they lay almost flush with the surface of the roadway; they are integral to it; and the roadway encases them. Indeed, a plaintiffs fall near trolley tracks has been found to constitute part of a public way.[2] See Grealish v. MBTA, 1988 Mass.App.Div. 158 *2.
G.L.c. 84 is “broad in scope.” Ram at 486. In the past, “defects” have been construed to include “not only traditional forms of defect, such as potholes, trenches and the like, but also conceptual problems with the road’s design, obstructions that may overhang or fall into the way.” Aguila v. Massachusetts Turnpike Authority, 22 Mass. L. Rptr. 578 (2007) Thus, over the years, such defects as a chain left in on the public way (Huff v. City of Holyoke, 386 Mass. 582, 585 (1982)), a metal pole left unrepaired (MacDondld-Lefebvre v. Town of North Attleboro, 7 Mass. L. Rptr. 442 at *2 (1997), a defective patch placed over the asphalt on a sidewalk (Wolf v. Boston Water & Sewer Commission, 408 Mass. 490, 492 (1990), inadequate grading, lighting road surface, signage and markings (Ram at 486), “objects strung across a public way” (Lefebvre), “tripping hazards” in a public road (Baird v. MBTA, 332 Mass.App.Ct. 495, 497 (1992)), Green Line trolley tracks (Rabin v. MBTA, 1986 U.S. Dist. LEXIS 22565 *6, “objects resting upon the [roadway] surface” (Whittaker v. Town of Brookline, 318 Mass. *362 19, 25 (1945), and indeed, arutinthe pavementwhich caused a bicyclist to fall and sustain injuries (Filepp v. Boston Gas Company, 85 Mass.App.Ct. 901 (2012)),[3] have all been determined to be “defects” that trigger a G.L.c. 84, section 18 thirty-day notice requirement.[4]
Mr. Mazzini seeks to elude the statute’s applicability by claiming that he is alleging negligence, but appellate courts have found that argument wanting. See Trioli v. Sudbury, 15 Mass.App.Ct. 394, 397 (1983), and Sullivan v. City of Holyoke, 87 Mass.App.Ct. 1110 n.2 (2015).
Although this legal result is harsh and unfortunate, it is dictated by the legislative enactment of this statute and the decisional authority that has construed it. The law compels the dismissal of Mr. Mazzini’s complaint.
ORDER OF DISMISSAL
For these reasons, the defendant MBTA’s motion to dismiss must be ALLOWED.

 The parties refer to the tracks at issue as being “train tracks,” but they are not train tracks that jut up from the land surface in any sense of that commonly-understood term. Instead, they appear to be trolley tracks, evidenced by very good photographs of the tracks at issue which the plaintiff has appended to his opposition memorandum and to which the defendant has not objected in this motion to dismiss. Those photographs show that the tracks are very much flush with the roadway surface, and the defective “track” appears to be a piece of worn down rubber guard imbedded into the road surface that runs parallel to and flush with the usual steel track. That track, significantly, appears no higher than the surface of the street. (A true color photocopy of that photograph, that was attached as Exhibit “A” to the plaintiffs opposition, is attached to this Memorandum and marked “A.”) 

 The plaintiff well points out the defendant MBTA’s incorrect citation of Grealish in its claim that the plaintiffs fall In that case was caused because of the trolley tracks, when In fact, the fall occurred near the trolley tracks: nevertheless, G.L.c. 84 still controlled, because footnote 6 of that decision stated that notice under the statute was given “was within the thirty (30) days . . . under G.L.c. 84, section 18. King v. City of Boston, 300 Mass. 377.”

 A case remarkably similar to the case presented here.

 Incidentally, this case has nothing to do with the recent Appeals Court decision in Landry v. Massachusetts Port Authority, Slip Opinion 15-P-253 (April 12, 2015), and thuds, only a brief mention is in order. (That case involved injury to a plaintiff caused by a motorized sliding gate at the Worcester Regional Airport on property the defendants failed to establish was a public way.)