On January 30, 2017, the plaintiff, Brian Lewis, filed a complaint alleging that, nearly three years earlier, he slipped and fell on ice that had accumulated in a parking lot owned by the defendant, Rocco Realty Trust (trust). Lewis claimed that the trust caused the fall because it negligently failed to inspect and maintain the property. The trust filed an answer asserting, among other defenses, that the complaint should be dismissed because Lewis failed to provide timely notice of his claim as required by G. L. c. 84, § 21. It then moved for judgment on the pleadings, see Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974). A judge of the Superior Court allowed the trust's motion and the complaint was dismissed "for failure to provide notice pursuant to G. L. c. 84, §§ 18 and 21." Lewis filed a motion for reconsideration, which the judge denied. Before us is Lewis's appeal from both orders. We affirm.
Background. The complaint alleged that on February 6, 2014, Lewis was lawfully on the premises located at 200 Old Webster Road in Oxford. The trust owns the premises and is responsible for inspecting and maintaining it. On that day, the trust negligently failed in its duties, causing ice to accumulate on the premises. Lewis slipped on the ice and was injured. He has incurred medical expenses, is disabled, and "has suffered great pain of body and mind."
In support of its rule 12 (c) motion, the trust attached an October 2, 2014, letter sent by counsel for Lewis to the trust. The letter identified the date of the incident, stated that Lewis had suffered injuries "due to the negligent condition" of the premises, and sought compensation for Lewis's injuries and losses. However, the letter did not specify that Lewis had fallen, nor did it mention that an accumulation of ice was the alleged cause. The trust also submitted the affidavit of trustee Patricia Robbins, who asserted that the trust was unable to investigate the circumstances of the fall as a result of Lewis's failure to provide it with timely notice.
Lewis filed a memorandum of law in opposition to the rule 12 (c) motion in which he set forth additional factual allegations. Specifically, Lewis claimed that the trust was aware of his fall because its agent had witnessed it. He further argued that, due to weather conditions and the way in which the premises is used, the condition that existed on February 6, 2014, could not have been preserved.
Ultimately, the judge ruled that Lewis's "failure to provide complete, detailed and timely notice to the defendant" of his injury "is fatal to the action." He concluded that the trust was prejudiced by the delay because "witness availability, etc., would have been more discoverable within [the prescribed thirty-day period] than [ten] months later when incomplete notice of the injury was provided."[2]
Discussion. There is some confusion in the record over whether judgment entered pursuant to rule 12 (c) or Mass. R. Civ. P. 56, 365 Mass. 824 (1974). Pursuant to rule 12 (c), a motion for judgment on the pleadings shall be treated as one for summary judgment where the parties submit and the judge does not exclude additional materials. In such circumstances, "all parties shall be given reasonable opportunity to present all material made pertinent to" a rule 56 motion. Mass. R. Civ. P. 12 (c). It is clear from the record that matters outside the pleadings, specifically Robbins's affidavit and the notice dated October 2, 2014, were presented to the judge and considered by him. Therefore, pursuant to rule 12 (c) we treat the judge's order as one allowing summary judgment.[3]
Summary judgment is appropriate if the materials identified in rule 56"show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002). "We review the allowance of a motion for summary judgment de novo to determine whether the moving party has established that, viewing the evidence in the light most favorable to the opposing party, 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law' " (citation omitted). Scarlett v. Boston, 93 Mass. App. Ct. 593, 596-597 (2018).
By statute, a plaintiff seeking to recover for injuries sustained as a result of an accumulation of ice is required, within thirty days, to provide the defendant with written notice of "the time, place and cause of said injury." G. L. c. 84, § 18. See G. L. c. 84, § 21 ; Perry v. Medeiros, 369 Mass. 836, 842 (1976). "The notice requirement applies generally to all persons sought to be charged with liability" for injury caused by an accumulation of ice, Lindahl v. Sullivan, 361 Mass. 863, 864 (1972), and it is a "prerequisite to a party bringing this cause of action." Wolf v. Boston Water & Sewer Comm'n, 408 Mass. 490, 494 (1990). "A complaint alleging a right to damages under G. L. c. 84 must allege the giving of notice."[4] Farrell v. Boston Water & Sewer Comm'n, 24 Mass. App. Ct. 583, 590 (1987).
The complaint here fails to allege that Lewis provided the trust with notice pursuant to G. L. c. 84, § 21. Moreover, it is undisputed that the notice ultimately given was not timely and failed to include information regarding the time, place and cause of the injury or damage as required by G. L. c. 84, § 21.[5] Failure to give the required notice, however, "shall not be a defense under this section unless the defendant proves that he was prejudiced thereby." G. L. c. 84, § 21. To prove prejudice, the trust submitted the affidavit of its trustee, Robbins, who averred that the trust was prejudiced because it was unable to conduct a meaningful investigation of the incident.
Lewis contends that Robbins's affidavit merely alleged prejudice from the delinquent notice, but failed to prove it. At argument, Lewis proposed that prejudice in this context should be determined by the jury, or at least by the judge after an evidentiary hearing. We are not persuaded. While we agree that Robbins's affidavit provided few details regarding the specific nature of the prejudice suffered, it offered more than mere conjecture. The affidavit stated that the trust was unable to conduct a meaningful investigation because notice was not received until eight months after the accident and failed to mention that the fall was caused by an accumulation of ice and snow. From these undisputed facts, the judge could reasonably infer that witnesses present on the day of the fall may no longer be available and that, even if they were, their memories may have faded between February and October, 2014. Moreover, it was fair for the judge to infer that the scene of the accident was substantially different when the trust received Lewis's notice. While the trust did not object to the content of Lewis's notice and was not entitled to dismissal on the ground that ice was not mentioned, see G. L. c. 84, § 20 ; Watts v. Rhodes, 325 Mass. 697, 701 (1950), we think it plain that the trust could not properly investigate the condition of the premises on the day of Lewis's fall without knowing that it should investigate an accumulation of ice.
Once the trust submitted additional materials in support of its rule 12 (c) motion, the burden shifted to Lewis, "by affidavits or as otherwise provided" in rule 56, to "set forth specific facts showing that there is a genuine issue for trial." Mass. R. Civ. P. 56 (e). This he did not do. The judge was entitled to disregard Lewis's statements in the memorandum of law in opposition to the rule 12 (c) motion because they were not in affidavit form.[6] Kourouvacilis v. General Motors Corp., 410 Mass. 706, 710-711 (1991). He also did not err in denying Lewis's motion for reconsideration because Lewis's affidavit was filed more than one month after judgment entered. See id. at 711 ; Mass. R. Civ. P. 56 (c) (adverse party may file opposing affidavits "prior to the day of hearing").
For all of these reasons, we discern no error in the order of dismissal. See Ram v. Charlton, 409 Mass. 481, 489 (1991) ("timely written notice of the injury is a clear condition precedent to the existence of a cause of action"); Wolf v. Boston Water & Sewer Comm'n, 408 Mass. at 494 (plaintiff's failure to provide notice "prevents the claim from being heard").
Judgment affirmed.
Order denying motion to reconsider affirmed.

The notice was actually sent eight months after the fall.

The Massachusetts Academy of Trial Attorneys has argued in an amicus brief that the judge improperly converted the rule 12 (c) motion into one for summary judgment without advance notice to the parties. We need not address this issue because it was not raised in Lewis's brief. See Bongaards v. Millen, 440 Mass. 10, 19 n.6 (2003) ("this court ordinarily restricts its discussion to the arguments made by the parties and does not address arguments of amici curiae"); Mass. R. A. P. 16 (b) (4), as appearing in 411 Mass. 1602 (1992) ("The appellate court need not pass upon questions or issues not argued in the brief"). In any event, we discern no prejudice from lack of notice where Lewis did not object to the judge's consideration of Robbins's affidavit and was given an opportunity to respond to it.

While Lewis's complaint makes no reference to G. L. c. 84, "[w]e discern nothing on the face of the pleadings or elsewhere in the record to suggest an injury qualitatively distinct from that cognizable under G. L. c. 84." Gallant v. Worcester, 383 Mass. 707, 712 (1981).

Indeed, it appears that ice was not mentioned as the cause of Lewis's injury until the complaint was filed nearly three years after the event.

In any event, the trust's actual or constructive notice of Lewis's injuries would not obviate the written notice requirement. Ram v. Charlton, 409 Mass. 481, 489 (1991).